[No. 10046.  Department Two.  March 30, 1912.]

JOHN G. D. WEDEMEYER *et al.*, *Respondents*, v. E. C. CROUCH
*et al.*, *Appellants.*[1]

AGRICULTURE—NOXIOUS WEEDS—NOTICE—DUE PROCESS—CONSTITU-
TIONAL LAW.  Rem. & Bal. Code, §§ 3033-3041, as amended by Laws
1911, p. 327, providing for a charge against lands for cutting down
noxious weeds, upon the owner's default, is not obnoxious to the
due process clause of the Federal and state constitutions by reason
of want of notice and opportunity to contest the claim, in view of
the provisions requiring a notice to the owner, agent or occupant,
which, in the case of nonresidents, may be posted upon the land, and
requiring a verified statement of the expense to be sent to the owner
and presented to the county commissioners to be allowed and added
to the tax lien against him, the owner being given thirty days to
pay up or file objections; since the notice is sufficient and the com-
missioners are made the tribunal to pass upon all questions of fact
affecting the claim.

Appeal from a judgment of the superior court for Adams
county, Holcomb, J., entered August 30, 1911, upon find-
ings in favor of the plaintiffs, in an action for an injunction.
Reversed.

*John Truax*, for appellants.

*Adams & Naef*, for respondents.

MOUNT, J.—This action was brought to restrain the
county officers of Adams county from assessing and collecting
the cost of destroying certain noxious weeds against the real
estate of plaintiffs.  The lower court held that the statute
under which the county officers were proceeding is unconstitu-
tional and void, and for that reason entered an order as
prayed for in the complaint.  The defendants have ap-
pealed.

The facts are stipulated in substance as follows:  The
plaintiffs own a section of land in Adams county.  This land,
in the year 1911, had grown up to noxious weeds.  The

[1]Reported in 122 Pac. 366.

road supervisor of the district on May 25, 1911, posted up in a conspicuous place, in full view of the traveling public, a notice directed to the plaintiffs, their agents and attorneys, and to persons in possession or occupation of the lands, notifying and requiring them to destroy all "Jim Hill" mustard growing upon the land, and to the center of the public highways bordering upon the land.    The notice required the destruction of the noxious weeds within ten days.    The plaintiffs were nonresidents.    Their last known post office address was Osten ad Oster, Hanover, Germany.    The land was unoccupied, and plaintiffs had no agent in the state to look after the same.    The weeds were not destroyed, as required by the notice.    Thereafter, in June, the road supervisor, with a crew of men, entered upon the land and destroyed the weeds. Thereafter, on July 6, 1911, the road supervisor caused to be prepared a notice and verified and itemized statement, showing the destruction of the weeds, the amount claimed for services and labor in their destruction, and also stating that, unless the claim was paid on or before August 10, 1911, at the hour of ten o'clock, a. m., on that day, the said claim would be presented to the board of county commissioners at their office in the court house at Ritzville; that the plaintiffs or their attorneys might then and there appear to contest the claim, and that unless the claim was paid by the plaintiffs, the claim would be allowed and paid out of the county road and bridge fund by the county commissioners, who would make an order that the amount paid by the county be a tax upon the land and collected as other taxes.    Copies of this notice and statement were mailed to the plaintiffs at their address in Germany.    Thereafter on August 10, 1911, the claim, amounting to $649.80, was considered by the board of county commissioners, and was reduced to the sum of $627.75.    The county commissioners were about to order the said sum of $627.75 entered as a tax upon the plaintiffs' land when this action was brought to restrain such entry.    The trial court was of the opinion

that the statutes under which these proceedings were had are unconstitutional and void, and for that reason entered the order as prayed for.

The statutes under consideration provide, at § 3033, Rem. & Bal. Code, that certain named thistles and mustards and other weeds liable to become a pest and detrimental to the agricultural interests "are hereby declared to be noxious weeds." Section 3038, as amended by the act of 1911, Laws of 1911, page 327, provides that it shall be the duty of every owner of land in this state to cut down the noxious weeds growing thereon or on any highway bordering thereon to the center thereof to prevent such weeds from going to seed. Section 3039 provides that, if any owner shall knowingly permit any noxious weeds to grow on his land, and shall permit the seed of such noxious weeds to ripen, he shall be guilty of a misdemeanor. Section 3040 provides as follows:

"It shall be the duty of each road supervisor in each road district in this state to see that the provisions of this act are carried out within their respective districts, and he shall give notice to the owner, lessee, occupant, agent or person having the care or charge of any land within his district whereon, or in any road, street or highway bordering thereon, any noxious weeds are growing, requiring such owner, lessee, occupant, agent or person having the care or charge thereof, to cause the same to be cut down within ten days from the service of such notice, and in case such owner, lessee, occupant, agent or person having the care or charge thereof shall refuse or neglect to cut down said noxious weeds within said ten days, then the said road supervisor shall enter upon the land, or on any road, street or highway bordering thereon, and cause all said weeds to be cut down with as little damage to growing crops as may be: *Provided*, That when such noxious weeds are growing upon land, or on any road, street or highway bordering thereon, of a nonresident of this state, and such owner has no known agent in the county in which such land is situate, said notice shall be posted in a conspicuous place on the land in view of the traveling public: . . ."

Section 3041 reads:

"Each road supervisor shall keep an accurate account of the expenses incurred by him in carrying out the provisions of this act with respect to each parcel of land entered upon therefor, and shall offer or send by mail a statement of such expense, including a description of the land verified by oath, to the owner, lessee, occupant, agent or person having the care or charge thereof, if known, requiring him to pay the same within thirty days. In case payment thereof is not made within said time, the supervisor shall present said claim to the board of county commissioners, and, if the board finds the same accurate, it shall be ordered paid out of the road and bridge fund of said county."

It is argued by the respondents that these statutes are void because they violate the due process of law clause of the Federal and state constitutions, for the reason that no notice is required to be given to the landowner of the time when the county commissioners may pass upon the claim, and because no opportunity is offered to the property owner to contest the claim for destroying the weeds or that the land contained noxious weeds; and also for the reason that the statutes violate the provision of the state constitution that taxes must be uniform. We think there is no merit in any of these contentions. The statute requires a notice to the owner, lessee, occupant, agent, or person having charge of the land, to cause the noxious weeds to be cut down within ten days; that when such owner is a nonresident of the state and has no known agent in the county, the notice shall be posted upon the land. It is not certain that notice must be required in such cases in order to make the act valid, because this is a strictly police regulation. But if notice must be required, this notice is sufficient for a resident. A nonresident is not to be more favored than a resident, and is supposed to take notice of the law of the state where his lands lie. The act provides that, after the expenses have been incurred by the road supervisor, he shall send a verified statement to the owner, etc., requiring him to pay the same within

thirty days. "In case payment thereof is not made within said time, the supervisor shall present said claim to the board of county commissioners, and if the board finds the same accurate, it shall be ordered paid," etc. This provision makes the board of county commissioners a tribunal to determine the accuracy of the claim. In order to do so, the board may inquire into the facts and determine whether the land contained noxious weeds, whether notice was given as required, and whether the weeds were in fact destroyed, and the cost thereof. It is true the statute does not fix a time or place when the board should consider the claim, but it provides that the party against whom the claim is made shall have thirty days within which to pay, and if not so paid the claim will then be presented to the board. This notice is in effect a summons, and any objection to the account may be made within the time named. Other statutes fix the time and place when and where the business of the county commissioners is conducted. Section 3869. The landowner, therefore, has notice and an opportunity to be heard, which is due process of law. The case of *Balch v. Glenn*, 85 Kan. 735, 119 Pac. 67, is in point upon every question presented in this case. That was a case where the statute provided for the extermination of the San Jose scale in orchards. The statute of Kansas is substantially the same as the statute of this state. It provides for the destruction of the pest and for the collection of the expense in substantially the same manner. It was held in that case that the statute was a valid police regulation, and was not in conflict with any provision of the state or Federal constitutions. The provisions of the Kansas constitution considered were substantially the same as in this state. That case completely covers the constitutional objections made in this case, and so harmonizes with our views that we are satisfied to rest the decision in this case upon it without further discussion.

The judgment is reversed, and the cause remanded with instructions to the lower court to dismiss the action.

DUNBAR, C. J., MORRIS, FULLERTON, and ELLIS, JJ., concur.